| | |
|---|---|
| 1 | Collin D. Cook (SBN 251606) |
| | E-Mail: ccook@fisherphillips.com |
| 2 | Philip J. Smith (SBN 232462) |
| | E-Mail: psmith@fisherphillips.com |
| 3 | FISHER & PHILLIPS LLP |
| | One Embarcadero Center, Suite 2050 |
| 4 | San Francisco, California 94111 |
| | Telephone: (415) 490-9000 |
| 5 | Facsimile:  (415) 490-9001 |
| 6 | Attorneys for Defendant |
| | ANDY FRAIN SERVICES, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Ash V. Escobedo, | CASE NO.: |
| Plaintiff, | (Los Angeles Superior Court Case No. 21LBCV00021) |
| v. | |
| Andy Frain Services, Inc. a corporation; and DOES 1 to 20; | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)** |
| Defendant. | |
| | Complaint Filed:  January 14, 2021 |

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)
FP 39829690.1

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant ANDY FRAIN SERVICES, INC., by and through their attorneys of record, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California, on the following grounds:

1. On January 14, 2020, Plaintiff Ash Escobedo filed a Complaint in the Superior Court of the State of California in and for the County of Los Angeles styled *Ash V. Escobedo v. Andy Frain Services, Inc., et al.,* Case No. 21LBCV00021.

2. A copy of Plaintiff's Complaint, filed by him in the Superior Court of the State of California, County of Los Angeles, along with a copy of the Summons and all other materials served upon Defendant by Plaintiff on January 20, 2021, are attached hereto as <u>Exhibit 1</u>. Exhibit 1 constitutes all process, pleadings, and orders known by Defendant to exist in this action. A copy of the Answer to the Complaint filed by Defendant on February 17, 2021, is attached hereto as <u>Exhibit 2</u>. Defendant is informed and believes that the documents provided in Exhibits 1 and 2 hereto constitute the operative pleadings in the state court case file in this matter.

3. Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

4. As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint. Specifically, on January 20, 2021, Plaintiff served his Summons and Complaint upon Defendant's agent for service of process (CT Corporation) in California. (*Declaration of Philip J. Smith* ("*Smith Decl.*") ¶2, Exh. A.)

///

## BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

5. Pursuant to 28 U.S.C. section 1332, this Court has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Los Angeles County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441.

6. Andy Frain Services, Inc., is an Illinois corporation, with its principal place of business in Illinois. (*Declaration of Patricia Tonoff* ("*Tonoff Decl.*"), ¶¶3-6, Exh. A). Andy Frain Services Inc. maintains its executive office in Illinois, and the management of Andy Frain Services, Inc.'s operations and finances is performed in Illinois. (*Id.*)

7. The defendants designated Does 1 through 20 in Plaintiff's Complaint are fictitious defendants and have not been served to Defendant's knowledge. (*See* Complaint, ¶4.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

8. Plaintiff is a citizen of California. (*Complaint*, at Exhibit A (Complaint of Employment Discrimination, at ¶3).) Accordingly, this action is between citizens of different states, specifically California and Illinois. This complete diversity of citizenship existed at the time Plaintiff filed his Complaint and it exists at the time of this removal.

## AMOUNT IN CONTROVERSY

9. Plaintiff alleges claims for damages that exceed $75,000. As discussed further below, Plaintiff's Complaint seeks unspecified amounts of compensatory damages for "economic (special)[…] damages in an amount yet unknown[.]" (*See Complaint*, Prayer for Relief.) Plaintiff also seeks unspecified amounts of "non-economic "(general) […] damages in an amount yet unknown[.]" (*Complaint*, Prayer for Relief.)

10. In cases where the state court Complaint is silent or unclear as to the amount of damages sought by the plaintiff, a defendant must establish that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376

(9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). The "amount in controversy" requirement is satisfied by setting forth, in the removal petition, underlying facts supporting defendant's assertion that the amount in controversy exceeds $75,000. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

11. In determining the amount in controversy for purposes of assessing the propriety of a removal, a Court must assume that the allegations in the Complaint are true and must assume that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See, White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003). As set forth below, even a low estimate of what Plaintiff could recover if the jury ruled for him on all of his claims in the Complaint would unavoidably result in an overall recovery that would exceed $75,000.

12. Among the damages sought in Plaintiff's Complaint are damages for claims under the California Fair Employment and Housing Act ("FEHA") (i.e., discrimination, harassment, retaliation, and failure to prevent discrimination, harassment and retaliation). If Plaintiff is successful on these claims, Plaintiff will be entitled to recover lost past and future earnings and related employee benefits. *See, Commodore Home Systems, Inc. v. Superior Court*, 21 Cal.3d 211, 221 (1982); *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d 176, 181 (1970).

13. As noted, among the damages sought in Plaintiff's Complaint are claims for "economic (special)" damages. Even if Plaintiff's rate of pay is assumed to be the minimum wage rate in California of 14.00 per hour, this amount translates to wages in the amount of $29,120 per year ($14.00 per hour x 40 hours per week x 52 weeks per year). Plaintiff alleges that his employment was constructively terminated on or about March 4, 2020. (*Complaint*, at Exhibit A (Complaint of Discrimination, ¶ 4.) Thus, a very conservative estimate of Plaintiff's alleged backpay wage loss alone, not taking into account alleged lost benefits, at the time of removal is $ 28,000 ($14.00 per hour x 40 hours per week x 50 weeks since the alleged constructive termination). Of course, this amount would increase through the time of trial.

14. Emotional distress damages are also considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.* 432 F.3d 976, 980 (9th Cir. 2015). Assuming, as one must, that a jury found Defendant to have discriminated against and/or harassed Plaintiff on the basis of his gender then a six-figure award of emotional distress damages seems unavoidable. Experience and common sense dictate that even the most conservative jury, could not possibly find for Plaintiff on all of those claims and yet fail to award him at least $25,000 in emotional distress damages. As the Ninth Circuit in *Kroske* reasoned, emotional distress damages "would add at least an additional $25,000" to a plaintiff's claim. *Kroske*, at 980.

15. Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory). If Plaintiff prevails on his causes of action under the FEHA, then the law is clear that he will be awarded his reasonable attorneys' fees. Even if Plaintiff's counsel is extremely efficient, it would defy belief that his attorneys would incur less than $40,000 if they litigated this case through pleadings, discovery, motions, pre-trial and trial. Indeed, in *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015), for example, the court recognized that rates for attorneys may range between $425.00 to $725.00 per hour and that estimates of the number of hours expended through trial for employment cases have ranged from 100 to 300 hours. Assuming a conservative rate of only $400.00, even if only 100 hours are spent on a case, attorneys' fees alone would total approximately $40,000. *Id.*

16. With respect to Plaintiff's request for punitive damages, federal courts have noted that most punitive damage verdicts against larger corporations are substantial. *Richmond, supra,* 897 F. Supp. at 450-51; *see also Aucina v. Amoco Oil Co.* 871 F.Supp.

332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture the defendant's attention and to deter others from similar conduct and, thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum). When one assumes, as is mandated in this analysis, that Plaintiff will prevail on all of his causes of action, and that the jury would award him punitive damages, it is hard to imagine that punitive damages would be less than $75,000.

17.   Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## VENUE

18.   This action is now pending in Superior Court of the State of California, County of Los Angeles, and thus may be properly removed to the United States District Court for the Central District of California, sitting in Los Angeles, pursuant to 28 U.S.C. section 1441(a).

## INTRADISTRICT ASSIGNMENT

19.   Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States District Court for the Central District of California, Western Division, because a substantial part of the alleged events giving rise to the claims in this lawsuit occurred in the County of Los Angeles, and this is an action arising in Los Angeles County.

20.   Promptly after filing of this Notice of Removal, Defendant will file in the Superior Court of the State of California, County of Los Angeles, its Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached thereto. A copy of Defendant's Notice of Filing of Notice of Removal is attached hereto as Exhibit 3. Further, Defendant has served upon Plaintiff a copy of this Notice of Removal and will promptly serve upon Plaintiff a copy of Defendant's Notice of Filing of Notice of Removal.

///
///

This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATE: February 19, 2021

FISHER & PHILLIPS LLP

By: */s/Philip J. Smith*
COLLIN D. COOK
PHILIP J. SMITH
Attorneys for Defendant
ANDY FRAIN SERVICES, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On February 19, 2021 I served the foregoing document entitled **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| MAYALL HURLEY P.C.<br>WILLIAM J. GORHAM III<br>VLADIMIR J. KOZINA<br>2453 Grand Canal Boulevard<br>Stockton, California 95207-8253 | Attorneys for Plaintiff<br><br>Telephone: (209) 477-3833<br>Facsimile: (209) 473-4818<br><br>Email: wgorham@mayallaw.com<br>vjkozina@mayallaw.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 19, 2021 at San Francisco, California.

| | |
|---|---|
| Sue Anne Travers<br>*Print Name* | By: /s/Sue Anne Travers<br>*Signature* |