UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01549-RGK-JC | Date | February 25, 2021 |
|---|---|---|---|
| Title | *Ash V. Escobedo v. Andy Frain Services, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On January 14, 2021, Ash Escobedo ("Plaintiff") filed a complaint against Andy Frain Services, Inc. ("Defendant") in California state court alleging various state-law claims for gender discrimination; gender harassment; retaliation; and failure to prevent harassment, discrimination, and retaliation. Plaintiff served Defendant on January 20, 2021.

On February 19, 2021, Defendant removed the action to this Court based on diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

A civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court based on § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant.") If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

Here, Plaintiff seeks damages for claims under the California Fair Employment and Housing Act which allows a plaintiff to recover past and future earnings. Plaintiff also seeks statutory penalties, emotional distress, general and special damages, punitive damages, and attorneys' fees. In support of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01549-RGK-JC | Date | February 25, 2021 |
|---|---|---|---|
| Title | *Ash V. Escobedo v. Andy Frain Services, Inc. et al* | | |

removal, Defendant estimates Plaintiffs' backpay at $28,000. With that as a starting point, Defendant does not meet the minimum amount in controversy as Defendant's inclusion of emotional distress damages, punitive damages, and attorneys' fees are speculative.

Defendant estimates Plaintiff's emotional distress to be at least $25,000. As support for the emotional distress damages, Defendant identified one case in which a plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim." But emotional distress damages in one case does not indicate that Plaintiff would be expected to obtain the same amount here. Defendant provides no other supporting evidence regarding emotional distress damages.

As to punitive damages, Defendant merely states that "federal courts have noted that most punitive damage verdicts against larger corporations are substantial." From that, Defendant asserts that "it is hard to imagine that punitive damages would be less than $75,000." Defendant's analysis is textbook speculation. The Court cannot take such conclusory and speculative arguments when accounting for the amount in controversy.

Finally, regarding attorneys' fees, district courts within the Ninth Circuit are split as to whether to include them in the amount in controversy calculation, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). Those holdings are well-reasoned, and the Court finds that prospective attorney's fees are too speculative for inclusion into amount in controversy.

Defendant has therefore failed to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Accordingly, this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____